[Crim. No. 747.    Department Two. — July 16, 1901.]

THE PEOPLE, Respondent, v. EUGENE B. STORK,
Appellant.

CRIMINAL LAW — FORGERY — EVIDENCE. — The evidence reviewed, and
    held sufficient to sustain a conviction of forgery of a certain contract
    for the exchange of lands.

APPEAL from a judgment of the Superior Court of Los An-
geles County and from an order refusing a new trial. B. N.
Smith, Judge.

The facts are stated in the opinion of the court.

George L. Sanders, and D. M. McDonald, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr.,
Deputy Attorney-General, for Respondent.

McFARLAND, J. — The defendant was convicted of for-
gery, and appeals from the judgment and from an order deny-
ing a new trial. The writing alleged to have been forged was
a certain contract for the exchange of certain land, between

John A. McCarty, party of the first part, and Edna E. Nave and her husband, A. G. Nave, parties of the second part.

There was ample evidence to warrant the jury in finding that neither of the Naves signed the writing in question, or authorized their names, or either of them, to be signed, and that appellant committed the alleged acts of forgery.

We see nothing in the contentions that the writing in question, even if false, did not constitute a legal forgery; that there was no intent on the part of appellant to injure any one; that it did not injure the Naves; and that it was not produced by appellant until after the expiration of the time limit expressed on its face. Appellant had procured the Naves to deposit with him, in escrow, a deed of conveyance of the land mentioned in the contract to be conveyed by them, upon the verbal understanding that they were to have all the time they wanted to examine certain land in the state of Missouri, which McCarty was to convey to them; but in the forged instrument, of which the Naves knew nothing whatever, and which was dated February 9, 1898, it was stipulated that the contract should be in full effect after the expiration of one month, "provided title and location is not objected to by either parties prior to the expiration of this agreement." The land in Missouri turned out to be worthless; and when Nave, some time in March, 1898, demanded of appellant a return of the escrow deed, the latter refused to do so, and said that the transaction was closed and the title had passed out of the Naves. The Naves brought an action against appellant and McCarty to recover the land, and then appellant produced the forged instrument. Under these circumstances, the making of the false instrument was clearly a forgery, within the meaning of the law on the subject.

There is some discussion, in appellant's brief, of the expert testimony introduced; but no legal objection to any of such testimony is urged; and all there is to be said on the subject is, that this testimony was somewhat conflicting.

In his brief, appellant merely says that there is a variance between the forged instrument set out in the information and the one introduced in evidence, without stating in what the variance consists, leaving us to look into the record ourselves to see what the variance is. An examination of the record shows no variance, except of the most trivial kind.

The brief contains a number of objections to rulings of the

court in passing on the admissibility of evidence, and in instructing the jury; but these are nearly all mere naked statements of objections, without argument or reasons given. We have looked at them, however, and it is sufficient to say that we do not see in these objections any legal reason for reversing the judgment.

The court did not abuse its discretion in refusing to grant a new trial on the ground of newly discovered evidence.

The record does not show anything which would warrant a reversal on the ground of the misconduct of the district attorney.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.